# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ENOCH JAEGER, | ) | CASE NO. 1:19-cv-2853 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| WARDEN LYNEAL WAINWRIGHT, et al. | ) ) | |
| | ) | |
| RESPONDENTS. | ) | |

Before the Court is the report and recommendation of Magistrate Judge Jonathan D. Greenberg recommending that this Court deny Enoch Jaeger's ("petitioner" or "Jaeger") motion for summary judgment, declaratory judgment, appointment of counsel, appointment of experts, and request for evidentiary hearing. (Doc. No. 10.) Magistrate Judge Greenberg also recommends the Court deny Warden Lyneal Wainwright's ("respondent") motion to dismiss (Doc. No. 11) but recommends that the case be stayed pending resolution of Jaeger's unexhausted claims in state court. (*Id.*) The magistrate judge also denied Jaeger's other pending motions (Doc. Nos. 4, 5, 10, 17, 18–19, 23–24). For the reasons that follow, the Court adopts the report and recommendation, in part, and modifies in part.

## I. BACKGROUND

To properly frame the issues before the Court, a brief overview of the posture of this case is necessary. Jaeger filed his petition under 28 U.S.C. 2254 for writ of habeas corpus on December 6, 2019. (Doc. No. 1.) The writ asserted 42 claims for relief against

22 respondents.[1] On the same day as his filing, Jaeger also filed a motion to expand the record (Doc. No. 4) and a motion for appointment of counsel, motion for relief from judgment, and motion for an evidentiary hearing (Doc. No. 5). In accordance with Local Rule 72.2, the case was automatically referred to a magistrate judge—here Magistrate Judge Greenberg. (*See* Automatic Reference of Administrative Action, docket entry dated December 23, 2019.) The magistrate judge's initial standing order, filed December 27, 2019, stated that respondent was to file an answer to the petition within 45 days from the date of the order. (Doc. No. 7.) On February 3, 2020, respondent filed a timely motion for an extension to answer the petition because "documents from [p]etitioner's state criminal proceedings were only received this same day, February 5, 2020." (Doc. No. 8 at 151.) In addition, respondent claimed that he required additional time to review and address petitioner's numerous grounds for habeas relief. (*Id.*) The magistrate judge granted the extension on February 10, 2020. Eight days later, on February 18, 2020, Jaeger filed an opposition to respondent's request for an extension claiming, *inter alia*, that respondent's requested extension was made "for purposes of delay." (Doc. No. 9-1 at 154[2].)

On February 27, 2020, Jaeger filed a motion for summary judgment, motion for declaratory judgment, motion for appointment of counsel, and motion for appointment of experts. (Doc. No. 10.) The motions were based, primarily, on the fact that respondent

---

[1] Though the issue is not currently before the Court, it should be noted that "[t]he only proper respondent in a habeas case is the habeas [p]etitioner's custodian, which in the case of an incarcerated habeas [p]etitioner is the warden." *Edwards v. Johns*, 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006). Thus far, only Warden Lyneal Wainwright has appeared in this action, and all references herein to "respondent" refer to Warden Wainwright.

[2] All page numbers refer to the page identification number generated by the Court's electronic docketing system.

did not answer the writ within 45 days but, instead, filed—and was granted—an extension of time to answer. (*See generally* Doc. No. 10-1.) Several days later, respondent filed a motion to dismiss the case as a mixed habeas petition. (Doc. No. 11.) While those motions were pending before the magistrate judge, Jaeger filed numerous motions, notices, and objections, many of which were duplicative of other pending motions, including, for example, four motions for appointment of counsel. (*See e.g.* Doc. Nos. 5, 10, 22, 28.)

On May 28, 2020, Magistrate Judge Greenberg issued a report and recommendation and order, in which he recommended that respondent's motion to dismiss (Doc. No. 11) be denied but, rather than dismiss the case, the magistrate judge recommended that the case be stayed pending resolution of Jaeger's unexhausted claims in the state courts.[3] (Doc. No. 33 at 1599.) He also recommended the Court deny Jaeger's motion for summary judgment and declaratory judgment. (*Id.*)

In addition to his recommendations, Magistrate Judge Greenberg denied several of Jager's pending non-dispositive motions pursuant to Fed. R. Civ. P. 72(a). (*Id.* at 1620–24, denying Jaeger's motion to strike respondent's motion to dismiss (Doc. No. 17), his motions for appointment of counsel (Doc. Nos. 5, 10, 22, 28), and his remaining motions (Doc. Nos. 4, 5, 10, 18–19, 23–24) were denied as moot.)

---

[3] Magistrate Judge Greenberg recommended conditioning the stay on Jaeger (1) filing quarterly reports regarding the progress of the state court proceedings; (2) refraining from filing any other materials with the Court while the case was stayed; and (3) seeking reinstatement on the Court's active docket within 30-days of fully exhausting his state court remedies. (Doc. No. 33 at 1599.)

## II. STANDARD OF REVIEW

The applicable standard of review of a magistrate judge's report and recommendation depends on whether either party objects to the report. *Thomas v. Saul*, No. 5:19cv2932, 2020 WL 1640316, at *1 (N.D. Ohio Apr. 2, 2020). Under the relevant statute:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1)(C).

A copy of the report and recommendation was mailed to Jaeger on May 28, 2020. (*See* Docket Entry dated May 28, 2020.) Because Jaeger is incarcerated, the Court added several days to allow Jaeger time to file an objection. No objections have been filed nor has any extension of time been sought. The failure to file written objections to a magistrate judge's report and recommendation constitutes a waiver of a de novo determination by the district court of an issue covered in the report. *Thomas v. Arn*, 728 F.2d 813, 814–15 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985).

## III. ANALYSIS

The Court has reviewed Magistrate Judge Greenberg's report and recommendation and accepts the report in part and modifies the report in part.

### a. Jaeger's Motion for Summary Judgement

The court accepts and adopts the magistrate judge's recommendation that Jaeger's motion for summary judgment and motion for declaratory judgement (Doc. No. 10) be denied.

### b. Jaeger's Remaining Motions

The Court also agrees with Magistrate Judge Greenberg's order denying Jaeger's motions to strike respondent's motion to dismiss (Doc. No. 17), motions for appointment of counsel (Doc. Nos. 5, 10, 22, 28), and his denial of Jaeger's remaining motions as moot (Doc. Nos. 4, 5, 10, 18–19, 23–24).

### c. Respondent's Motion to Dismiss

The Court modifies the magistrate judge's recommendation with regard to respondent's motion to dismiss. As mentioned above, Magistrate Judge Greenberg recommended that "[r]espondent's [m]otion to [d]ismiss be DENIED (Doc. No. 11) but that the case be STAYED pending resolution of Jaeger's unexhausted claims in the state courts…." (Doc. No. 33 at 1599.) In his motion to dismiss, respondent claims that "the great majority of [Jaeger's forty-two] habeas grounds were first presented [to the state court] in his timely-filed post-conviction petition, which remains pending in the trial court." (Doc. No. 11 at 291.) In his "motion to strike respondent's motion to dismiss" (Doc. No. 17), Jaeger asserts that his post-conviction petition to vacate or set aside judgment "was filed on January 2, 2019 and remains pending, along with no less than 40 other motions…." (Doc. No. 17 at 345.) Given this, Magistrate Judge Greenberg found that Jaeger failed to exhaust his state court remedies and recommended that the Court

5

"hold Jaeger's [p]etition in abeyance until Jaeger's state remedies are exhausted." (Doc. No. 33 at 1619.) For the reasons that follow, the Court adopts the report and recommendation denying respondent's motion to dismiss, but declines to adopt the recommendation staying the case.

### d. Jaeger's Motion to Amend

One week before the report and recommendation was filed, Jaeger filed a motion to amend and supplement his petition "pursuant to Rule 15." (*See* Doc. No. 32 at 1594.) Rule 15(a)(2) provides that a party may amend its pleadings with the court's leave and instructs that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Here, Jaeger's motion to amend is difficult to parse, but Jaeger does appear to seek an amendment, in part, to assert additional claims for relief. Because Jaeger is proceeding pro se, and because respondent has not yet filed an answer to Jager's original petition, the Court finds that justice requires that Jaeger be granted leave to file an amended petition pursuant to Fed. R. Civ. P. 15(a)(2).

Therefore, Jaeger is permitted to file an amended petition on or before July 10, 2020. The amended petition must be filed as one freestanding document and may not append, or seek to incorporate by reference, any other of his previous filings or petitions.[4] To be clear, the Court is granting Jaeger's motion to amend (Doc. No. 32) only insofar as Jaeger is permitted to file an amended petition. The Court is not granting any other relief

---

[4] Jaeger filed an "amended emergency petition for writ of habeas corpus" on May 20, 2020. But it is unclear—due, in part, to Jaeger's numerous filings—whether Jaeger intends for that document to serve as his governing pleading. As such, in an effort to ensure the Court addresses all Jaeger's grievances in an efficient and thorough manner, Jaeger must file one amended pleading including all his potential claims for relief. As mentioned below, however, to the extent Jaeger seeks emergency relief related to the COVID-19 pandemic, he may immediately file a separate motion requesting such relief.

sought therein. As mentioned above, all Jaeger's claims for habeas relief should be included in his amended petition.

To the extent Jaeger seeks emergency or injunctive relief related to COVID-19—as he alludes to in numerous filings—he may file a separate motion solely limited to his claims and the relief he seeks pertaining to COVID-19, on or before June 30, 2020. All other pending motions—with the exception of those filed by potential intervenors (Doc. Nos. 36–37, 46–47)—are denied as moot.

The following case management plan will govern the proceedings:

1. Respondent's answer/return of writ to Jaeger's amended petition is due forty-five (45) days after the filing of the amended petition, that is, on or before August 24, 2020.

2. Jaeger shall have thirty (30) days from the filing of respondent's answer/return of writ to reply thereto by filing a traverse, that is, on or before September 24, 2020.

3. Respondent shall have fifteen (15) days from the filing of Jaeger's traverse to respond thereto by filing a sur-reply, that is, on or before October 9, 2020.

**No extensions will be granted barring exceptional circumstances.**

When considering Jaeger's amended petition—and any potential motions to dismiss filed in response thereto—the magistrate judge may consider whether excuse of exhaustion is appropriate and whether, given the length of time Jaeger's post-conviction motions have been pending in state court, whether any unexhausted claims should be considered on the merits.

### e. Jaeger's Future Filings

As mentioned above, Jaeger has consistently filed duplicative and frivolous documents with this Court.[5] Petitioners—even those proceeding pro se—are obligated to present their claims before the court in a reasonably cogent manner. Jaeger's filings, many of which are hundreds of pages in length, have consumed extensive judicial resources and have made it difficult to discern what relief he currently seeks. *See Grove v. Mohr*, No. 2:18-CV-1492, 2020 WL 1242395, at *3–5 (S.D. Ohio Mar. 16, 2020) (requiring plaintiff to file an amended complaint when plaintiff's original complaint—despite being 109 pages in length—was "crafted like a 'shotgun pleading,' with countless pages of factual allegations that [were] not clearly delineated to support a claim for legal relief").

By allowing Jaeger to file one amended petition that outlines all his current claims for relief, the Court seeks to efficiently adjudicate Jaeger's claims. To that end, moving forward, Jaeger should refrain from filing frivolous and duplicative motions and documents. Failure to abide by this directive may result in Jaeger being required to seek leave prior to any future filings.

Finally, Jaeger's future filings are limited to twenty (20) pages in length for memoranda relating to dispositive motions and fifteen (15) pages in length for

---

[5] The Court notes that Jaeger recently filed his third motion to expand the record (*see* Doc. No. 49), he has filed four motions for appointment of counsel (Doc. Nos. 5, 10, 22, 28), and on April 20, 2020, he filed a bewildering document captioned as a "Notice of Declaration and Contract" in which he declares he is "The Innocent Living Breathing Freeman (Liber Ho'mo)…." (Doc. No. 13 at 305.)

memoranda related to all other motions. *See* Local Rule 7.1(f).[6] Failure to comply with this provision may result in the Court striking any document, or portion of any document, that exceeds these page restrictions.

    **IT IS SO ORDERED**.

Dated: June 18, 2019

                                                  **HONORABLE SARA LIOI**
                                                  **UNITED STATES DISTRICT JUDGE**

---

[6] Local Rule 7.1(f) states that "[w]ithout prior approval of the Judicial Officer for good cause shown, memoranda relating to dispositive motions must not exceed … twenty (20) pages for administrative … cases." Memoranda relating to all other motions "must not exceed fifteen (15) pages in length."