IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRCT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ENOCH JAEGER, | ) | CASE NO.  1:19-CV-02853-SL |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE SARA LIOI |
| vs. | ) | |
| | ) | MAGISTRATE JUDGE |
| WARDEN LYNEAL WAINWRIGHT, | ) | JONATHAN D. GREENBERG |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION (Doc.** |
| | ) | **Nos. 46-47)** |
| | ) | |

This matter has been referred to the undersigned United States Magistrate Judge for preparation of a Report and Recommendation pursuant to Local Rule 72.2(b)(2).  Before the Court is the Petition of Enoch Jaeger ("Jaeger" or "Petitioner"), for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. Jaeger is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entry of sentence in the cases *State v. Jaeger*, Medina County Court of Common Pleas Case No.16-CR-0624. Currently pending are Intervenor Timothy S. Salyers's ("Intervenor" or "Salyers") Motion to Intervene (Doc. No. 46) and Motion for Injunctive Relief and Restraining Order (Doc. No. 47).  For the reasons that follow, it is recommended the Court DENY Salyers's Motion to Intervene (Doc. No. 46) and DENY AS MOOT his Motion for Injunctive Relief and Restraining Order (Doc. No. 47).

1

## I.    Procedural History[1]

On November 25, 2019,[2] Jaeger, *pro se*, filed a Petition for Writ of Habeas Corpus challenging his state conviction and sentence.  (Doc. No. 1.)

On March 6, 2020, Respondent filed a Motion to Dismiss Mixed Petition.  (Doc. No. 11.)  On May 1, 2020, Jaeger filed a Motion to Strike Respondent's Motion to Dismiss Mixed Petition.  (Doc. No. 17.) On May 20, 2020, Jaeger filed an Amended Emergency Petition for Writ of Habeas Corpus, which contained new claims challenging his conviction and sentence as well as conditions of his confinement, including some related to the novel coronavirus ("COVID-19") outbreak.  (Doc. No. 31.)  That same day, he also filed a Motion for Declaratory Judgment and an Application for Injunctive Relief and Motion for Restraining Order.  (Doc. Nos. 29, 30.)  On May 21, 2020, he filed a Motion for Amended and Supplemental Pleadings.  (Doc. No. 32.)  The Court granted Jaeger leave to amend on June 19, 2020. (Doc. No. 52.)[3]

On June 15, 2020, Salyers filed a Motion to Intervene, which included an Emergency Petition for Writ of Habeas Corpus.  (Doc. Nos. 46, 46-1.)  Salyers's Petition purports to challenge his conviction and sentence (Doc. No. 46-1 at 18) but focuses on claims regarding the conditions of his confinement, including some related to the COVID-19 outbreak.  (Doc. No. 46-1.)  That same day, Salyers filed a Motion for Injunctive Relief and Restraining Order.  (Doc. No. 47.)

---

[1] A detailed procedural history is included in the Court's May 28, 2020 Report & Recommendation and Order on Jaeger's Petition and several of his motions.  (Doc. No. 33.)  As a result, the Court provides only a brief procedural history relevant to Salyers's Motion to Intervene.

[2] Under the mailbox rule, the filing date for a *pro se* petition is the date that a petitioner delivers it to prison authorities.  *See Houston v. Lack*, 487 U.S. 266 (1988).  While the Petition herein did not arrive at the Court for filing until December 6, 2019, Jaeger states that he placed it in the prison mailing system on November 25, 2019.  (Doc. No. 1 at 39.)  Thus, the Court will consider the Petition as filed on November 25, 2019.

[3] Jaeger has until July 10, 2020 to file an Amended Petition that includes all his claims.  (Doc. No. 52.)

2

## II.    Analysis

As this Court explained in another § 2254 case involving a motion to intervene:

> Rule 24 provides for both intervention of right and permissive intervention. Under subsection (a) of the Rule, a court must permit the intervention of anyone who: (1) has an unconditional right to intervene under a federal statute; or (2) "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed.R.Civ.P. 24(a)(1)-(2). The Sixth Circuit has determined that a motion seeking intervention of right must satisfy four criteria: (1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect his or her interest may be impaired in the absence of intervention; and (4) the parties already before the court cannot adequately protect the proposed intervenor's interest. *Coalition to Defend Affirmative Action v. Granholm,* 501 F.3d 775, 779 (6th Cir.2007).
>
> Subsection (b) of Rule 24, which describes permissive intervention, permits a court to allow the intervention of anyone who: (1) has a conditional right to intervene under a federal statute; or (2) "has a claim or defense that shares with the main action a common question of law or fact." Fed.R.Civ.P. 24(b)(1)(A)-(B). With respect to either type of intervention, the individual or entity seeking to intervene bears the burden of establishing the necessary criteria. *Grubbs v. Norris,* 870 F.2d 343, 345 (6th Cir.1989) (intervention of right); *Meyer Goldberg, Inc. of Lorain v. Goldberg,* 717 F.2d 290, 293 (6th Cir.1983) (permissive intervention).

*Williams v. Kelly*, No. 5:14-CV-1304, 2015 WL 10527279, at **4–5 (N.D. Ohio June 19, 2015), *report and recommendation adopted by Williams v. Burkes*, 2016 WL 1089396 (N.D. Ohio Mar. 21, 2016) (accepting recommendation to deny motion to intervene) and *Williams v. Burkes*, No. 5:14-CV-1304, 2016 WL 2898133 (May 18, 2016).

In his motion, Salyers requests leave to intervene under both 24(a) and 24(b). His argument in support consists of the following statements:

3

- Intervention is required because of the immediate and imminent risk of substantial harm or loss of life, as a result of the Respondents [sic] deliberate indifference to the Constitutional violations and offenses they support.  Accordingly, plaintiff intervenor moves the Court to intervene pursuant [sic] sections (a) and (b) of rule 24, Intervention of right [sic] and Permissive Intervention.  (Doc. No. 46 at 5.)

- Petitioner moves this Court to Intervene by way of additional pleadings, not limited to the following: motion for Injunctive Relief and Restraining Order, pursuant to R. 65; motion for Declaratory Judgment, pursuant to R. 57; Federal Statutes on pg. 12 of this motion; Complaints and Affidavits; and other exhibits, to insure that Petitioner's rights are fully protected, represented, and litigated, and prevent continued irreparable injury.  (Doc. No. 46-1 at 6.)[4]

- Intervention by this Court is required by existing law because of violations and offenses against Petitioner . . .  (*Id.*)

- The Courts have held that Intervention is required when the movant and/or motion has a likelihood of success on the merits.  (*Id.* at 13) (citations omitted).[5]

Salyers's conclusory arguments are insufficient to establish eligibility for either type of intervention. Although he cites to several federal statutes,[6] he does not assert he has any conditional or unconditional right to intervene under them.  Nor does he explain how he satisfies any of the other criteria for either type of intervention.  In sum, Salyers's broad assertions provide no basis for this Court to conclude he is entitled to intervene under either theory in this case.  Accordingly, he has failed to meet his

---

[4] Only Jaeger, not Salyers, has filed a Motion for Declaratory Judgment.  (Doc. No. 29.)

[5] The Court notes the cases Salyers cites do not stand for this proposition.  *Farmer v. Brennan*, 511 U.S. 825 (1994) (no intervenor; prison official liability under the Eighth Amendment); *Ashwana v. Adducci*, 2020 U.S. Dist. LEXIS 62415 (E.D. Mich. Apr. 9, 2020) (order on petition for writ of habeas corpus brought by ICE detainee); *Malam v. Adducci*, 2020 U.S. Dist.  LEXIS 59407 (E.D. Mich. Apr. 5, 2020) (opinion and order granting in part ICE detainee petitioner's emergency application for a temporary restraining order); *Malam v. Adducci*, 2020 U.S. Dist.  LEXIS 59709 (E.D. Mich. Apr. 6, 2020) (amended opinion and order granting in part ICE detainee petitioner's emergency application for a temporary restraining order); *Malam v. Adducci*, 2020 U.S. Dist. LEXIS 62405 (E.D. Mich. Apr. 9, 2020) (order granting in part Emergency Motion for a Temporary Restraining Order brought by Plaintiff-Intervenors, who were also ICE detainees) ("On April 3, 2020, the Court granted the motion [to intervene] from the bench, finding that Escobar and Toma were entitled to intervention as of right pursuant to Federal Rule of Civil Procedure 24(a) and noting that, in the alternative, they qualified for permissive intervention under Rule 24(b)."); *United States v. Kennedy*, 2020 U.S. Dist. LEXIS 53359 (E.D. Mich. Mar. 27, 2020) (no intervenor; order temporarily revoking detention of federal prisoner).

[6] One of the statutes he cites, 28 U.S.C. § 2241, applies only to federal prisoners.

4

burden of demonstrating that intervention is appropriate in this case, and the motion to intervene should be denied.  *Williams*, 2015 WL 10527279, at *5.

Salyers shows no connection to Jaeger's habeas case challenging his underlying conviction and sentence, as well as conditions of his confinement, other than Salyers is also a prisoner at Marion Correctional Institution challenging his conviction and sentence and the conditions of his confinement. Furthermore, Salyers is able to file his own habeas action, provided he meets the criteria set forth in 28 U.S.C. § 2254, which includes exhaustion of state court remedies.[7]  *See* 28 U.S.C. § § 2254(b), (c); *Picard v. Connor*, 404 U.S. 270, 275–76, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Pillette v. Foltz*, 824 F.2d 494, 497 (6th Cir.1987); *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir.1987).

## V. Conclusion

For all the reasons set forth above, it is recommended that Salyers's Motion to Intervene (Doc. No. 46) be DENIED and his Motion for Injunctive Relief and Restraining Order (Doc. No. 47) be DENIED AS MOOT.

Date:  June 22, 2020

    *s/ Jonathan Greenberg*
Jonathan D. Greenberg
United States Magistrate Judge

## OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**

---

[7] While Salyers asserts he has exhausted his administrative remedies (Doc. No. 46-1 at 101), that is insufficient for habeas review under § 2254.  He must show he has exhausted his state court remedies, and his filings make no such showing.