# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ENOCH JAEGER, | ) | CASE NO. 1:19-cv-2853 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| WARDEN LYNEAL WAINWRIGHT, et al. | ) | |
| | ) | |
| RESPONDENTS. | ) | |

Before the Court are seven motions submitted by petitioner, Enoch Jaeger ("Jaeger"):

motion to vacate or set aside (with written objections) the magistrate judge's order denying Jaeger's motion to be noticed of filings (Doc. No. 55);

motion to vacate or set aside the magistrate judge's order denying Jaeger's motion for an extension of time (Doc. No. 56);

motion to vacate or set aside (with written objections) the magistrate judge's order denying Jaeger's motion for an extension of time (Doc. No. 57);

motion to vacate or set aside, and written objections to the magistrate judge's report and recommendation ("R&R") (Doc. No. 58);

motion to exceed page limitations (Doc. No. 59);

motion to vacate this Court's order adopting in part and denying in part the magistrate judge's R&R (Doc. No. 60)[1]; and

motion for summary judgment and motion for declaratory judgment (Doc. No. 61).

---

[1] Because there are numerous motions to vacate currently pending before the Court, when the Court refers to the "motion to vacate" herein, it is referring to Doc. No. 60, unless otherwise specified.

Respondents filed a response in opposition to Jaeger's motion to vacate. (Doc. No. 62.) For the reasons set forth herein, Doc. Nos. 55, 56, 57, 58, 59, and 61 are DENIED as moot, Jaeger's motion to vacate (Doc. No. 60) is GRANTED in part and DENIED in part.

## I. BACKGROUND

Jaeger filed his petition under 28 U.S.C. § 2254 for writ of habeas corpus on December 6, 2019. (Doc. No. 1.) Jaeger filed numerous documents and motions thereafter. Respondents filed a motion to dismiss the case as a mixed petition on March 6, 2020. (Doc. No. 11.)

On May 28, 2020, Magistrate Judge Jonathan D. Greenberg filed an R&R denying a number of Jaeger's pending motions and recommending that this Court deny respondent's motion to dismiss and, instead, stay the case pending resolution of Jaeger's unexhausted claims. (Doc. No. 33, report and recommendation ("R&R") at 1599[2].) Citing 28 U.S.C. § 636(b)(1), the magistrate judge concluded the R&R by stating "[a]ny objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served…." (*Id.* at 1624.) A copy of the R&R was mailed to Jaeger on May 28, 2020. (*See* docket entry dated May 28, 2020.)

On June 19, 2020, this Court filed a memorandum opinion and order adopting in part, and modifying in part, Magistrate Judge Greenberg's R&R. (Doc. No. 52.) In that order, the Court noted, with respect to the 14-day objection period, "[b]ecause Jaeger is incarcerated, the Court added several days [to the 14-day period] to allow Jaeger time to

---

[2] All page numbers refer to the page identification number generated by the Court's electronic docketing system.

file an objection. No objections have been filed nor has any extension of time been sought." (*Id.* at 2444.)

On July 2, 2020, over one month after the R&R was filed and mailed to Jaeger, the Clerk received and filed Jaeger's written objections to the R&R. (*See* Doc. No. 58.) Jaeger claims that his objections are timely because he "did not receive service [of the R&R] until June 9, 2020[,]" (twelve days after the R&R was mailed) and he allegedly provided his objections to prison officials on June 17, 2020 (though his objections were postmarked June 26, 2020). (Doc. No. 60 at 2553.)

Even if Jaeger's objections were timely, they are now moot because this Court granted Jaeger leave to file an amended petition. One of Jaeger's primary objections related to the R&R is that the magistrate judge failed to address Jaeger's COVID-19 related claims contained in Doc. Nos. 29–32. (*See* Doc No. 58 at 2505.) These documents—motion for declaratory judgment (Doc. No. 29), application for injunctive relief (Doc. No. 30), amended emergency petition for writ of habeas corpus (Doc. No. 31), and motion for amended and supplemental pleadings (Doc. No. 32), which total over 600 pages—all relate, in part, to additional claims Jaeger seeks to bring related to COVID-19. Because Jaeger sought to amend his petition "to include additional [d]efendants … including additional complaints [and] grievances," this Court declined to stay Jaeger's case—as the magistrate judge recommended—and instead granted Jaeger leave to file an amended petition. (*See* Doc. No. 52 at 2446.) Jaeger now seeks to vacate that order or, in the alternative, asks the Court to grant him an extension of time to "adequately prepare and file

3

meaningful legal papers." (Doc. No. 60.) Jaeger also requests that the Court "answer the 10 questions he presents" in his motion to vacate. (*Id.* at 2552.)

## II. ANALYSIS

Because the Court granted Jaeger leave to file an amended petition, the only motion properly before the Court is Jaeger's motion to vacate (Doc. No. 60); all other motions are moot. Jaeger's motion to vacate outlines a number of his grievances related both to this Court's order (Doc. No. 52) and the status of his case generally.

Respondents oppose Jaeger's motion to vacate and for an extension of time to file an amended petition, claiming that, rather than complying with the Court's directive to file an amended petition, Jaeger "instead continued to clog the Court with six additional frivolous [filings]…." (Doc. No. 62 at 2591.) Respondents are correct that Jaeger has seemingly failed to heed this Court's straightforward directive—to file an amended petition. Instead, he has filed seven motions. Despite being cautioned that "moving forward, [he] should refrain from filing frivolous and duplicative motions and documents" (Doc. No. 52 at 2448), Jaeger has again inundated this Court with unnecessary, confusing, and distracting filings. This will not be tolerated moving forward. As explained below, the Court grants Jaeger's motion for an extension of time (until August 14, 2020[3]) to file an amended petition. The petition must include all Jaeger's claims—including those related to COVID-19—in one freestanding document. The Court will now briefly address some of

---

[3] Jaeger requests an extension, until August 7, 2020, to file his amended petition. (*See* Doc. No. 60 at 2552.) However, out of an abundance of caution, and to ensure Jaeger has sufficient time to prepare his filing, the Court will permit Jaeger an extra week, until August 14, 2020, to file his amended petition. Jaeger is, of course, permitted to file his petition at any time prior to the August 14, 2020 deadline.

4

the grievances asserted in Jaeger's motion to vacate and for an extension of time (Doc. No. 60).

### a. Jaeger's Objections to the R&R

As mentioned above, Jaeger claims that his objections to the magistrate judge's R&R were timely. Even assuming that's true, Jaeger's objections are moot because the Court granted Jaeger's motion to amend his petition. (*See* Doc. No. 52.) The magistrate judge recommended that this Court deny respondent's motion to dismiss Jaeger's initial petition as a mixed petition. Because Jaeger will be filing an amended petition, respondents' motion to dismiss, and the magistrate judge's recommendations related thereto, are moot.

### b. Jaeger's Opposition to Filing an Amended Petition

Despite filing several documents that make clear that he sought to amend his petition, Jaeger now makes the bewildering argument that this Court is "intent to prejudice" him by granting him leave to file an amended petition. (Doc. No. 60 at 2556.) Jaeger claims that he "already presented this Court with his petition for writ of [h]abeas [c]orpus under 28 USCS [§] 2254 and his amended pleadings for [e]mergency [w]rit of [h]abeas [c]orpus and [a]pplication for [i]njunctive [r]elief and others (Docs. 28–32) related to the COVID-19 pandemic." (*Id.*) Jaeger asserts that his "28 USCS [§] 2254 petition challenges his unlawful conviction and sentence … while his amended pleadings under 28 USCS [§] 2241 … challenges the fact, where Jaeger claims that no set of conditions would be sufficient to protect his [c]onstitutional [r]ights," related to COVID-19. (*Id.* 2558.)

5

But Jaeger's purported amended emergency petition (Doc. No. 31) is not governed by 28 U.S.C. § 2241. "'[R]egardless of the label on the statutory underpinning for [a] petition, *habeas* petitions of state prisoners are governed by 28 U.S.C. § 2254,' not § 2241." *Makin v. Wainwright*, No. 3:20 CV 912, 2020 WL 2770040, at *1 (N.D. Ohio May 29, 2020) (quoting *Byrd v. Bagley*, 37 F. App'x 94, 95 (6th Cir. 2002)); *see Sewell v. Brown*, No. 2:20-cv-77, 2020 WL 3542154, at *1 n.1 (W.D. Mich. June 30, 2020) ("Although petitioner purports to bring his action under 28 U.S.C. § 2241, habeas corpus actions brought by 'a person in custody pursuant to the judgment of a State court' are governed by 28 U.S.C. § 2254"). Conditions of confinement claims—such as those relating to conditions within a prison during a pandemic—are typically "properly brought under § 1983 and are not cognizable on habeas review." *Sewell*, 2020 WL 3542154, at *2. However, when a petitioner seeks release from custody, as Jaeger does here (Doc. No. 31-1 at 1323–24), such a claim is "available only upon habeas corpus review." *Id.*

Because Jaeger's claims related to COVID-19 are properly brought pursuant to § 2254, the Court granted Jaeger leave to file an amended petition, incorporating all his claims for relief in one petition. (*See* Doc. No. 52 at 2246–47). A district court does not abuse its discretion when it "afford[s] [a petitioner] a reasonable opportunity to comply with [the] rules by submitting a clean amended complaint…." *Portley-El v. Brill*, 380 F. App'x 744, 746 (10th Cir. 2010). As the Court mentioned in its previous order, the purpose of allowing Jaeger to file an amended petition was to allow for the "efficient[] adjudicat[ion] [of] Jaeger's claims." (Doc. No. 52 at 2448.) Though Jaeger apparently does

6

not see it that way, he nevertheless must comply with the Court's order to file a clean amended petition.

### c. Jaeger's Opposition to Page Limitations

Jaeger claims "[t]his Court continues its erroneous decision by limiting Jaeger's future filings to 20 pages for dispositive motions and 15 for all others." (Doc. No. 60 at 2557.) As explained in the Court's memorandum opinion and order (Doc. No. 52), Jaeger has repeatedly filed duplicative and erroneous documents in this action, many of which are hundreds of pages in length. Nevertheless, the restrictions placed on Jaeger's motions are the same as those placed on all persons who litigate in this district. *See* Local Rule 7.1(f).

Jaeger claims that limiting his amended petition to 20 pages will prejudice him because his claims "cannot be contained in 20 pages." (Doc. No. 60 at 2557.) The Court notes, however, that habeas petitions are distinct from motions and, therefore, are not subject to the page restrictions outlined in the Local Rules. And while there are no explicit page restrictions applicable to § 2254 petitions, *Williams-El v. Bouchard*, No. 05-CV-70616-DT, 2008 WL 660015, at *1 (E.D. Mich. Mar. 10, 2008), such petitions must still comply with the Rules Governing Section 2254 Proceedings ("2254 Rules") and, to the extent that they are not inconsistent, the Federal Rules of Civil Procedure. *See Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) ("A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed.") To that end, Jaeger's amended petition is not limited to the page limitations outlined in the Local Rules, but it must nevertheless meet the requirements of

the 2254 Rules and basic pleading requirements, including the short and plain statement requirement of Rule 8.

### d. Jaeger's Questions to the Court

In his motion to vacate, Jaeger presents a number of questions to the Court intended to help guide his case moving forward. (Doc. No. 60 at 2552, 2565.) But "[i]t is not the [C]ourt's duty, nor would it be proper for the [C]ourt to 'instruct' [Jaeger] on how to … [present or] prosecute his case." *Stanton v. Hutchins*, No. 1:10-cv-74, 2010 WL 1418563, at *6 (W.D. Mich. Apr. 7, 2010). "[T]o the extent that the petitioner is asking this Court for legal advice with regard to [his] petition or any other matter, it is both inappropriate and impractical for this Court to render such advice to a party." *Anderson v. Prelesnik*, No. 1:08-cv-250, 2010 WL 2011128, at *1 (W.D. Mich. May 19, 2020) (internal quotation marks and citation omitted); *see Pliler v. Ford*, 542 U.S. 225, 231, 124 S. Ct. 2441, 159 L. Ed. 2d 338 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."). That said, the Court seeks to provide Jaeger with clear directives with regard to filing his amended complaint and, to that end, Jaeger should carefully review this Court's order granting him leave to file an amended petition (Doc. No. 52).

Jaeger is permitted to file an amended petition on or before August 14, 2020. The amended petition must be filed as one freestanding document and may not append, or seek to incorporate by reference, any other of his previous filings or petitions. (*See id.* at 2446.) To the extent Jaeger interprets filing an amended petition as "start(ing) his pleadings from the beginning" (Doc. No. 60 at 2565), yes, his previous petition is moot and he must file one amended petition to include all the claims for which he seeks relief. As mentioned

8

above, the petition must comply with the 2254 Rules and basic pleading standards. As the Court made clear in its memorandum opinion and order (Doc. No. 52), the Court will not consider any previously-filed motions, as they are now moot.

Jaeger also requests a "notice of filings so he can refrain from duplicate filings and instead refer to a document number in subsequent filings[.]" (Doc. No. 60 at 2565.) As the Court seeks to limit further confusion and unnecessary filings in the case, the Clerk of Court is directed to include a printed copy of the docket with the mailing of this order to Jaeger. The Court cautions Mr. Jaeger, however, that all previous filings are moot and, as the Court has made abundantly clear, he may not append, or seek to incorporate by reference, any previous filings in his amended petition.

The following amended case management plan will govern the proceedings:

1. Jaeger is permitted to file an amended petition on or before August 14, 2020.

2. Respondent's answer/return of writ to Jaeger's amended petition is due forty-five (45) days after the filing of the amended petition, that is, on or before September 28, 2020.

3. Jaeger will have thirty (30) days from the filing of respondent's answer/return of writ to reply thereto by filing a traverse, that is, on or before October 28, 2020.

4. Respondent will have fifteen (15) days from the filing of Jaeger's traverse to respond thereto by filing a sur-reply, that is, on or before November 12, 2020.

**No further extension will be granted. If Jaeger fails to file his amended petition on or before August 14, 2020, his case will be dismissed for failure to prosecute.**

### III. CONCLUSION

For the reasons stated herein, Jaeger's motion to vacate is DENIED in part and GRANTED in part. Jaeger is granted an extension of time to file his amended habeas petition until August 14, 2020. The Clerk is directed to include a printed copy of the docket in this case when it mails a copy of this order to Mr. Jaeger. All other pending motions in this case are DENIED as moot.

**IT IS SO ORDERED**.

Dated: July 13, 2020

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**