UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ENOCH JAEGER, | ) | CASE NO. 1:19-cv-2853 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| WARDEN LYNEAL WAINWRIGHT, | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the objections of purported intervenor (Doc. No. 64 ["Obj."]), Timothy S. Salyers ("Salyers") to the report and recommendation of Magistrate Judge Jonathan D. Greenberg (Doc. No. 54. ["R&R"]) to deny Salyers' Motion to Intervene (Doc. No. 46) and deny as moot Salyers' motion for injunctive relief and a restraining order (Doc. No. 47). For the reasons outlined below, the Court adopts Magistrate Judge Greenberg's recommendation and Salyers' motions are denied.

I.  BACKGROUND

The extensive and circuitous nature of this case's procedural history has been thoroughly detailed in several previous opinions and R&Rs. Thus, the Court will provide only a brief procedural history relevant to Salyers' motion to intervene.

On November 25, 2019, Enoch Jaeger ("Jaeger"), an inmate at the Marion Correctional Institution ("Marion"), filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction and sentence. (*See* Doc. No. 1.) Within months, the docket ballooned to over 90 entries—consisting largely of Jaeger's shotgun filings. (*See e.g.* Doc. Nos. 17–24; in which Jaeger filed eight documents—totaling nearly 600 pages—in one day.) In May

2020, Jaeger filed several documents indicating his desire to file an amended petition to include additional claims and respondents. (Doc. Nos. 31, 32.) The filings reiterated claims Jaeger made in his original petition, but also asserted claims related to the COVID-19 global pandemic. (*See* Doc. No. 31.) On May 28, 2020, the magistrate judge filed a report and recommendation ("R&R") recommending, *inter alia*, that the Court deny respondent's motion to dismiss Jaeger's mixed petition and stay the case pending resolution of Jaeger's unexhausted claims in the state court. (Doc. No. 33 at 1599.) On June 19, 2020, the Court adopted in part, and modified in part, the R&R, allowing Jaeger the opportunity to properly amend his petition and clarify the specific nature of his claims. (Doc. No. 52.)

Prior to that order, however, Slayers and another Marion inmate, Charles R. VonSchriltz ("VonSchriltz") (collectively "intervenors"), filed motions to intervene in this case. (Doc. Nos. 36, 46.) The motions—which are substantially identical—raise issues related to the COVID-19 pandemic and claim that the conditions of confinement within Marion are such that "there are no conditions appropriate to protect [intervenors'] Constitutional Rights." (Doc. Nos. 36 at 1654–55; 46 at 1780–81.) As such, intervenors seek "immediate release from incarceration." (Doc. Nos. 36 at 1655; 46 at 1781.) Intervenors seek to intervene pursuant to Fed. R. Civ. P. 24(a) and (b). (Doc. Nos. 36 1655; 46 at 1781.)

On June 22, 2020, Magistrate Judge Greenberg filed an R&R recommending that Salyers' motion to intervene be denied and his motion for injunctive relief and a restraining order be denied as moot. (R&R at 2459). Salyers filed objections to the R&R claiming, among other things, that he should be permitted to intervene because both he and Jaeger assert claims related to COVID-19 in which they claim that no set of conditions would be sufficient to protect their constitutional rights. (*See* Doc. No. 64 at 2605.)

## II. STANDARD OF REVIEW

Under § 636(b)(1)(C), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court *in light of specific objections* filed by any party.") (emphasis added); Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to"); Local Rule 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections").

"An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). "[O]bjections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citation omitted). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings … believed [to be] in error' are too general." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) (quoting *Miller*, 50 F.3d at 380) (abrogated on other grounds by *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007)). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72 (b)(3).

**III. ANALYSIS**

As an initial matter, Salyers' "objections" are not proper. He does not cite to any specific error in the R&R, he simply disputes the correctness of Magistrate Judge Greenberg's recommendations. (Obj. at 2604–09.) Salyers first claims that the magistrate judge mischaracterized "Jaeger's amended pleadings" as challenging both his "conviction and sentence" and conditions of confinement when, in fact, Jaeger's "amended claims" relate exclusively to conditions of confinement related to COVID-19. (Obj. at 2604–05.) Salyers believes that he is entitled to intervene because both he and Jaeger assert COVID-19-related claims. He is incorrect. Salyer's broad allegations and recitations of legal standards are insufficient to establish eligibility for intervention under Fed. R. Civ. P. 24. (*See* Obj. at 2606 [generically outlining the elements required for intervention of right].) Salyers has failed to show that he is entitled to intervention of right under Rule 24(a).

Salyers is also not permitted to intervene under Rule 24(b). Even if Salyers' COVID-19-related claims are similar to those raised by Jaeger, "[a] motion under Rule 24(b) is addressed to the sound discretion of the District Court." *Brewer v. Republic Steel Corp.*, 513 F.2d 1222, 1225 (6th Cir. 1975). In exercising this discretion, courts should consider "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Bradley v. Milliken*, 828 F.2d 1186, 1193–94 (6th Cir. 1987). Here, the intervenors' motions have done nothing but muddy an already murky docket. The Court has spent significant judicial resources simply trying to clarify and distill the precise nature of Jaeger's claims—some of which relate to his conviction and sentence, and others to COVID-19. (*See* Doc. Nos. 52, 63.) As Magistrate Judge Greenberg notes, "Salyers is able to file his own habeas action" (Doc. No. 54 at 2459), and the Court will not

4

permit Salyers to prejudice Jaeger or respondent by interjecting himself into this action.[1] As such, the Court declines to permit permissive joinder in this case.

## IV. CONCLUSION

For the reasons stated herein, the Court adopts the magistrate judge's report and recommendation. Salyers' motion to intervene (Doc. No. 46) is denied, and his motions for injunctive relief and a restraining order (Doc. No. 47) and motion for judgment on the pleadings (Doc. No. 92) are denied as moot. The Clerk is directed not to accept any further filings from Mr. Salyers in this action.

**IT IS SO ORDERED**.

Dated: September 4, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[1] Salyers takes issue with the fact that respondent failed to respond to his motion to intervene and believes, for that reason, that "the Court must enter judgment in favor of [p]laintiff (Salyers)…." Obj. at 2608. First, even if default was proper in this instance, which it is not, Salyers has failed to follow the two-step procedure for default in federal court. Second, Salyers does not meet the criteria for intervention of right, and whether to permit permissive intervention is within the sound discretion of the district court, even if the motion to intervene is unopposed.