# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ENOCH JAEGER, | ) | CASE NO. 1:19-cv-2853 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| WARDEN LYNEAL WAINWRIGHT, | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the objections of purported intervenor (Doc. Nos. 86, 89[1] ["Obj."]), Charles VonSchriltz ("VonSchriltz") to the report and recommendation of Magistrate Judge Jonathan D. Greenberg (Doc. No. 53. ["R&R"]) to deny VonSchriltz's motion to intervene (Doc. No. 36) and deny as moot VonSchriltz's motion for injunctive relief and restraining order (Doc. No. 37). For the reasons outlined below, the Court adopts Magistrate Judge Greenberg's recommendations and VonSchriltz's motions are denied.

## I. BACKGROUND

The extensive and circuitous nature of this case's procedural history has been thoroughly detailed in several previous opinions and R&Rs. Thus, the Court will provide only a brief procedural history relevant to VonSchriltz' motion to intervene.

On November 25, 2019, Enoch Jaeger ("Jaeger"), an inmate at the Marion Correctional Institution ("Marion"), filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction and sentence. (*See* Doc. No. 1.) Within months, the docket

---

[1] For reasons outlined below, VonSchriltz filed two separate sets of objections to the magistrate judge's report and recommendation. (*See* Doc. Nos. 86, 89.)

ballooned to over 90 entries—consisting largely of Jaeger's shotgun filings. (*See e.g.* Doc. Nos. 17–24; in which Jaeger filed eight documents—totaling nearly 600 pages—in one day.) In May 2020, Jaeger filed several documents indicating his desire to file an amended petition to include additional claims and name additional respondents. (Doc. Nos. 31–32.) The filings reiterated claims he made in his original petition, but also asserted claims related to the COVID-19 global pandemic. (*See* Doc. No. 31.) On May 28, 2020, the magistrate judge filed a report and recommendation ("R&R") recommending, *inter alia*, that the Court deny respondent's motion to dismiss Jaeger's mixed petition and stay the case pending resolution of Jaeger's unexhausted claims in the state court. (Doc. No. 33 at 1599.) On June 19, 2020, this Court adopted in part, and modified in part, the R&R, allowing Jaeger the opportunity to properly amend his petition and clarify the specific nature of his claims. (Doc. No. 52.)

Prior to that order, however, VonSchriltz and another Marion inmate, Timothy S. Salyers ("Salyers") (collectively "intervenors"), filed motions to intervene in this case. (Doc. Nos. 36, 46.) The motions—which are substantially identical—raise issues related to the COVID-19 pandemic and claim that the conditions of confinement within Marion are such that "there are no conditions appropriate to protect [intervenors'] Constitutional Rights." (Doc. Nos. 36 at 1654–55; 46 at 1780–81.) As such, intervenors seek "immediate release from incarceration." (Doc. Nos. 36 at 1655; 46 at 1781.) Intervenors seek to intervene pursuant to Fed. R. Civ. P. 24(a) and (b). (Doc. Nos. 36 1655; 46 at 1781.)

On June 22, 2020, Magistrate Judge Greenberg filed an R&R recommending that VonSchriltz's motion to intervene be denied and his motion for injunctive relief and a restraining order be denied as moot. (R&R at 2454). A copy of the R&R was sent to VonSchriltz the same day. (*See* docket entry dated June 22, 2020.) On July 14, 2020, VonSchriltz filed four motions:

2

motion for default judgment and summary judgment (Doc. No. 65); motion for appointment of counsel (Doc. No. 66); motion for evidentiary hearing, motion for leave to conduct discovery, and motion for discovery (Doc. No. 67); and motion for declaratory judgment (Doc. No. 68). In his motion for default judgment and for summary judgment, VonSchriltz claimed that he never "received any [r]eport or [r]ecommendation [sic] … [from] this Court." (Doc. No. 65 at 2613.) Out of an abundance of caution, the Court allowed VonSchriltz until August 4, 2020 to file written objections. (Doc. No. 77.) On July 29, 2020, the Court received notice that VonSchriltz claimed to have received a copy of the R&R related to purported intervenor Salyers, but he did not receive the R&R related to his motion. (*See* Doc. No. 84.) To avoid any further confusion, or allegations of improper service, the Court directed court staff to email a copy of the R&R related to VonSchriltz's motion to intervene (Doc. No. 53) to the Warden and VonSchriltz's case manager at Marion. Respondent was instructed to direct VonSchriltz's case manager to hand-deliver the proper R&R to VonSchriltz. (Doc. No. 85.) That same day, July 30, 2020, the Court received written objections from VonSchriltz claiming that he "still does not have a copy of the … [proper] R&R," but he offered objections based on Salyers' R&R. (*See* Doc. No. 86 at 3585.) Barbara Davidson, VonSchriltz's case manager, certified service upon VonSchriltz on July 31, 2020. (Doc. No. 87.) After being served with the R&R, pertaining to his motions, VonSchriltz sent a second set of objections that were received by the Court on August 17, 2020. (Doc. No. 89.) VonSchriltz has expressed that he intends both sets of objections to be responsive. (Obj. at 3598.)

## II.     STANDARD OF REVIEW

Under § 636(b)(1)(C), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also Powell v. United States*, 37 F.3d 1499 (Table), 1994

WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court *in light of specific objections* filed by any party.") (emphasis added); Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to); Local Rule 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections").

"An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). "[O]bjections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citation omitted). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings … believed [to be] in error' are too general." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) (quoting *Miller*, 50 F.3d at 380) (abrogated on other grounds by *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007)). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72 (b)(3).

### III. ANALYSIS

As an initial matter, VonSchriltz's first set of "objections" (Doc. No. 86) are not proper. He does not cite to any specific error in the R&R that would impact his ability to intervene; he simply disputes the correctness of Magistrate Judge Greenberg's recommendations. (Doc. No. 86 at 3586–91.) VonSchriltz first claims that the magistrate judge mischaracterized "Jaeger's

amended pleadings" as challenging both his "conviction and sentence" and conditions of confinement when, in fact, Jaeger's "amended claims" relate exclusively to conditions of confinement related to COVID-19. (*Id.* at 3586–87.) VonShriltz believes that he is entitled to intervene because both he and Jaeger assert COVID-19-related claims. He is incorrect. VonShriltz's broad allegations and recitations of legal standards are insufficient to establish eligibility for intervention under Fed. R. Civ. P. 24. (*See id.* at 3588 [generically outlining the elements required for intervention of right].) VonShriltz has failed to show that he is entitled to intervention of right under Rule 24(a).

In VonSchriltz's second set of Objections (Doc. No. 89), VonSchriltz repeatedly claims that he is entitled to a declaratory judgment because respondent did not file a response in opposition to his motion to intervene. (*Id.* at 3598–99.) First, even if default judgment were proper in this case—which it is not—VonSchriltz has failed to follow the two-step procedure for default in federal court. *See Finfrock v. Ohio Dept. of Rehab. & Corr.*, No. 3:17-cv-1264, 2018 WL 2095820, at *1 (N.D. Ohio May 7, 2018) ("Under Fed. R. Civ. P. 55, default is a two-step process with the entry of default as the first procedural step.").

VonSchriltz also takes issue with the magistrate judge's conclusion—in footnote 5 of the R&R—that the cases cited in VonShriltz's motion to intervene do not stand for the proposition that intervention is required when the movant "has a likelihood for [sic] success on the merits…." (Doc. No. 89 at 3599.) The Court finds that the magistrate judge's interpretation of the cases correct (*see* Doc. No. 53 at 2453 n.5). Based on the cases upon which VonSchriltz relies, it appears that he may be confusing the elements for an injunction with those for intervention. In any event, his objection regarding footnote 5 of the R&R is without merit.

VonSchriltz also objects to the magistrate judge's contention, in footnote 6 of the R&R, that "28 U.S.C. § 2241, applies only to federal prisoners." (Doc. No. 89 at 3600.) However, numerous court in this circuit have already held that a state prisoner's claim related to COVID-19 is properly brought under 28 U.S.C. § 2254, not § 2241. *See Makin v. Wainwright*, No. 3:20-cv-912, 2020 WL 2770040, at *1 (N.D. Ohio May 28, 2020) ("[R]egardless of the label on the statutory underpinning for [a] petition, *habeas* petitions of state prisoners are governed by 28 U.S.C. § 2254, not § 2241."); *see Sewell v. Brown*, No. 2:20-cv-77, 2020 WL 3542154, at *1 n.1 (W.D. Mich. June 30, 2020) ("Although petitioner purports to bring his action under 28 U.S.C. § 2241, habeas corpus actions brought by 'a person in custody pursuant to the judgment of a State court' are governed by 28 U.S.C. § 2254.") Nevertheless, VonShriltz has failed to show he is entitled to intervene in this action, whether under § 2254 or § 2241.

VonSchriltz's next objection, "to this Court being so caviler," is not a proper objection. (Doc. No. 89 at 3600.)

Next, VonSchriltz discusses, at length, his concerns about the COVID-19 global pandemic. (*Id.* at 3601–02.) But even if VonSchriltz's COVID-19-related claims are similar to those raised by Jaeger, "[a] motion under Rule 24(b) is addressed to the sound discretion of the District Court." *Brewer v. Republic Steel Corp.*, 513 F.2d 1222, 1225 (6th Cir. 1975). In exercising this discretion, courts should consider "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Bradley v. Milliken*, 828 F.2d 1186, 1193–94 (6th Cir. 1987). Here, the intervenors' motions have done nothing but muddy an already murky docket. The Court has expended significant judicial resources simply trying to clarify and distill the precise nature of Jaeger's claims, some of which relate to his conviction and sentence and others of which relate to COVID-19. (*See* Doc. Nos. 52, 63.) As Magistrate Judge Greenberg notes, "VonSchriltz is able to

6

file his own habeas action"[2] (Doc. No. 53 at 2454), and the Court will not permit him to prejudice Jaeger or respondent by interjecting himself into this action. As such, the Court declines to permit permissive joinder in this case.

## IV. CONCLUSION

For the reasons stated herein, the Court adopts the magistrate judge's report and recommendation. VonSchriltz's motion to intervene (Doc. No. 36) is denied, and all his other pending motions (Doc. Nos. 37, 65, 66, 67, 68, 91) are denied as moot. The Clerk is directed not to accept any further filings from Mr. VonSchriltz in this action.

**IT IS SO ORDERED**.

Dated: September 4, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[2] There is no evidence before the Court as to whether VonSchriltz has exhausted his state court remedies, as required before VonSchriltz may proceed with his own habeas petition.