# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| ENOCH JAEGER, | ) | Case No. 1:19-cv-02853 |
| | ) | |
| Petitioner, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jonathan D. Greenburg |
| LYNEAL WAINRIGHT, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## OPINION AND ORDER

This matter is before the Court on the Magistrate Judge's December 18, 2020 report and recommendation (ECF No. 137-1), to which Petitioner Enoch Jaeger objected (ECF No. 144). For the reasons more fully set forth below, the Court **OVERRULES** Petitioner's objections and **ADOPTS IN PART** the Magistrate Judge's report and recommendation. Specifically, the Court **ADOPTS** the report and recommendation with respect to the disposition of the claims Petitioner raises in his amended petition for a writ of habeas corpus. Accordingly, the Court **STAYS** these proceedings pending Petitioner's exhaustion of his claims in State court.

As for Petitioner's further claims regarding the conditions of his confinement, the Court **STRIKES** Petitioner's filings and **DISMISSES** these claims **WITHOUT PREJUDICE** as a sanction for failure to comply with the Court's prior orders. Further, the Court **DENIES WITHOUT PREJUDICE** each of Petitioner's pending motions not otherwise subsumed in these rulings.

Finally, the Court **DENIES** the motions to intervene (ECF No. 108; ECF No. 114; ECF No. 124; ECF No. 146). All remaining motions filed by the intervenors (ECF No. 109; ECF No. 113; ECF No. 115; ECF No. 119; ECF No. 125; ECF No. 128; ECF No. 131; ECF No. 132; ECF No. 136; ECF No. 147; ECF No. 158; ECF No. 159; ECF No. 160; ECF No. 161; ECF No. 162) are **DENIED AS MOOT**.

## STATEMENT OF FACTS

On direct appeal in State court, the intermediate appellate court set forth the following facts leading to Mr. Jaeger's conviction and sentence. *See generally State v. Jaeger*, No. 17CA0072-M, 2018-Ohio-2994, ¶¶ 2–3 (Ohio Ct. App.). In September and October 2016, several gas station convenience stores in Medina County, Ohio suffered damage and property loss as the result of breaking and entering offenses. (ECF No. 93-1, PageID #3839.) During each offense, two men used a large rock or block of concrete to smash the store's glass door. (*Id.*) Once inside, the perpetrators collected cartons of cigarettes, placed them inside large garbage cans, and exited the store within a minute. (*Id.*)

On October 12, 2016, a Medina County sheriff's deputy stopped Mr. Jaeger and an accomplice in the accomplice's vehicle after leaving the scene of an attempted offense at one of the locations previously victimized. (*Id.*, PageID #3840.) The deputy stopped them for having only one operating headlight. (*Id.*) When the deputy realized that there were outstanding arrest warrants for both men, he took them into custody. (*Id.*)

2

During a search of the car, law enforcement found clothing that matched the clothing worn by the perpetrators of each of the gas station break-ins. (*Id.*) Investigators also found two garbage cans and a large rock in the trunk of the car. (*Id.*) Mr. Jaeger later told a detective that he had knowledge of the workings of the entire operation and that, in exchange for immunity, he could tell the detective the identities of all of the individuals involved in the offenses, as well as those involved in transporting and selling the stolen cigarettes. (*Id.*)

## PROCEDURAL HISTORY

A grand jury indicted Petitioner on one count of vandalism and one count of breaking and entering. (ECF No. 93-1, PageID #3703.) A couple weeks later, the grand jury indicted Petitioner on additional counts, including three counts of theft, three counts of breaking and entering, and one count of engaging in a pattern of corrupt activity. (ECF No. 93-1, PageID #3708.) After a jury found him guilty on all counts, Petitioner was sentenced to five years in prison on September 28, 2017. (*Id.*, PageID #3768.) Specifically, the State trial court sentenced Petitioner to twelve months on each count except for the charge of engaging in a pattern of corrupt activity, for which he received a sentence of five years. (*Id.*) The State trial court ordered the sentences to run concurrently, such that Petitioner is serving a total aggregate sentence of five years. (*Id.*)

### A. Direct Appeal

On direct appeal, the intermediate State appellate court affirmed Petitioner's convictions. (ECF No. 93-1, PageID #3839; *Jaeger*, 2018-Ohio-2994, ¶ 1.) In his direct

3

appeal, Petitioner challenged his convictions on speedy-trial and evidentiary grounds. (ECF No. 93-1, PageID #3840, 3843 & 3845; *Jaeger*, 2018-Ohio-2994, ¶¶ 5, 11 & 18.) In an order dated November 21, 2018, the Ohio Supreme Court declined to accept jurisdiction over the appeal. (ECF No. 93-1, PageID #3894.) Petitioner's time to petition the United States Supreme Court for review expired 90 days later, on February 19, 2019. S. Ct. R. 13.1. The next day, the limitations period for petitioning for a writ of habeas corpus began to run and, without any tolling, expired in February 2020. *See* 28 U.S.C. § 2244(d)(1)(A).

While his appeal was pending before the Ohio Supreme Court, Petitioner moved to reopen his direct appeal pursuant to Rule 26(B) of the Ohio Rules of Appellate Procedure to assert a claim that his appellate counsel provided ineffective assistance. (ECF No. 93-1, PageID #3895–3905.) When the State appellate court denied the application as untimely, Petitioner sought reconsideration, which was also denied. (ECF No. 93-2, PageID #4078, #4238–44.) Petitioner sought review of this determination at the Ohio Supreme Court, which declined to intervene. (*Id.*, PageID #4080, #4103.)

## B.     Post-Conviction Motions

On January 2, 2019, Petitioner sought to vacate or set aside the judgment and filed motions in State court for post-conviction discovery, correction or modification of the record, an independent investigator, and the assistance of various experts. (*See* ECF No. 93-2, PageID #4169.) As relevant here, in these filings, Petitioner asserted claims for lack of subject matter jurisdiction, ineffective assistance of trial and

4

appellate counsel, speedy trial violations, unlawful search and seizure, excessive bail and cruel and unusual punishment, violations of his freedom of speech, denial of his right to an impartial jury, prosecutorial misconduct, due process and equal protection violations, as well as a claim that his convictions were against the manifest weight of the evidence. (*See id.*, PageID #4175–86.) In connection with his post-conviction motions, Petitioner supplied an affidavit to the State trial court with facts supplementing the record. (*See id.*, PageID #4176–77.)

In a ruling dated June 18, 2020, the State trial court treated the petition to vacate or set aside the judgment as a petition for post-conviction relief under Section 2953.21 of the Ohio Revised Code, dismissed the petition, and denied all remaining motions Petitioner filed. (ECF No. 93-2, PageID #4190, #4193 & #4200.) The State trial court dismissed Petitioner's claims based on the doctrine of res judicata (*id.*, PageID #4195–99), though it also addressed the claim regarding excessive bail on the merits (*id.*, PageID #4198–99). Petitioner appealed this ruling, and the appeal remains pending in the State courts. (ECF No. 137-1, PageID #6249.)

## C. Federal Habeas Petition

On November 25, 2019, Petitioner filed a petition for a writ of habeas corpus, asserting 47 grounds for relief. (ECF No. 1.) Among them, Petitioner asserted claims for lack of subject matter jurisdiction, unlawful stop and frisk and unlawful search and seizure, excessive bail and cruel and unusual punishment, violations of his freedom of speech, denial of his right to an impartial jury, prosecutorial misconduct, speedy trial violations, ineffective assistance of counsel, manifest weight of the

evidence, and due process and equal protection violations. (ECF No. 1-1, PageID #67–95.)

Petitioner also included several claims in his habeas petition which he did not raise in State court, including tampering with evidence and records, obstruction, interference with civil rights, conspiracy to interfere with civil rights, bribery, and extortion. (*Id.*, PageID #63–107.)

### C.1. Proceedings in Federal Court

The proceedings leading up to the matters now before the Court show a multiplicity of filings that have needlessly complicated this matter. Petitioner moved to expand the record (ECF No. 4), for appointment of counsel, for relief from judgment or order, and for evidentiary hearing (ECF No. 5). Respondent moved to dismiss based on the habeas petition being a mixed petition. (ECF No. 11.) Petitioner responded by moving to strike and filing numerous other motions. (ECF No. 17; ECF No. 18; ECF No. 19; ECF No. 20; ECF No. 22; ECF No. 23; ECF No. 24; ECF No. 25; ECF No. 28; ECF No. 29; ECF No. 30; ECF No. 32.)

On May 28, 2020, the Magistrate Judge issued a report and recommendation in which he recommended denying Respondent's motion to dismiss, but staying the case while Petitioner pursued his unexhausted claims in State court. (ECF No. 33.) On June 19, 2020, the Court adopted in part and modified in part the report and recommendation, allowing Petitioner to file an amended petition. (ECF No. 52.) After the Court's June 19, 2020 order, Petitioner again filed several more motions, including a motion to vacate the June 19, 2020 order and for extension of time (ECF

No. 60), as well as objections to the report and recommendation (ECF No. 58). The Court attempted to focus the issues presented for habeas review, directing Petitioner to file an amended petition which "must include all Jaeger's claims—including those related to COVID-19—in one freestanding document." (ECF No. 63, PageID #2596.) Notwithstanding this order, Petitioner persisted in seeking various additional forms of procedural relief (ECF No. 69), and eventually filed an amended petition (ECF No. 78). With his amended petition, Petitioner sought judicial notice, moved to expand the record, and filed a notice of filing of transcript. (ECF No. 78; ECF No. 79; ECF No. 80; ECF No. 81.)

### C.2.    Covid-19 and Conditions of Confinement

On July 15, 2020, Petitioner filed an emergency petition for a writ of habeas corpus, a motion to stay and abey, a motion for injunctive relief and a restraining order, a motion for declaratory judgment, and a motion for appointment of counsel. (ECF No. 71; ECF No. 72; ECF No. 73; ECF No. 74; ECF No. 75.) In his motion to stay and abey (ECF No. 71), Petitioner sought a stay of his emergency petition until "prior proceedings are lawfully disposed of." (*Id.*, PageID #2673.) Petitioner claimed the Court's prior findings (ECF No. 33; ECF No. 52) were unlawful and requested the Court grant a "stay of judgment on these proceedings and keep them in abeyance until Jaeger's prior pleadings are lawfully disposed of" (ECF No. 71, PageID #2679).

That same day, Petitioner also filed a complaint and affidavit relating to Covid-19 and the conditions of his confinement. (ECF No. 76.) Specifically, Petitioner challenged the "policies and attitudes" of personnel at the Ohio Department of

Corrections and Marion Correctional Institution (*id.*, PageID #2743), arguing his continued incarceration during the Covid-19 pandemic violates the Fifth and Fourteenth Amendments (*id.*, PageID #2745). For this reason, Petitioner sought not to remedy the conditions in which he is held but to secure his release through this habeas proceeding. (*Id.*, PageID #2744.)

Later, Petitioner filed several additional motions, including another motion to stay and abey State court proceedings. (ECF No. 135.) In this motion, Petitioner requests the Court to "grant and order to stay and abbey [*sic*] his State Court pleadings until they are exhausted." (*Id.*, PageID #6132.)

Petitioner then filed a motion for the United States government to intervene as a party (ECF No. 133), which the Magistrate Judge recommended the Court deny (ECF No. 137-1).

### C.3. Motions to Intervene

A feature of this case is the number of inmates who have sought to intervene. Dennis Stambolia, a prisoner at Marion Correctional Institution, filed a motion to intervene as a party. (ECF No. 108.) In his motion, Stambolia lists several claims related to the conditions of his confinement, including sanitation issues, overcrowding, excessive noise, increased risk of fire hazard, and movement of infected prisoners into his housing unit. (*Id.*, PageID #5235.) Without providing any factual background for his claims, Stambolia asserts that "all of his claims are the same that Jaeger raises" which therefore shows that he is entitled to intervene because he "raises the same constitutional and statutory issues." (*Id.*)

The Magistrate Judge recommends the Court deny the motion to intervene. (ECF No. 121). The Magistrate Judge found that Stambolia made conclusory statements without showing a sufficient connection to Petitioner's habeas case and, therefore, provided the Court no basis to conclude he is entitled to intervene. (*Id.*, PageID #5567.) Stambolia objected to the report and recommendation. (ECF No. 132.) Stambolia claims that his assertions were not overly broad; rather, they meet the "burden to show that he is entitled to intervene both as of right and permissively." (*Id.*, PageID #5792.) Stambolia also objected to the Magistrate Judge's characterization of his claims as challenging the conditions of his confinement. (*Id.*)

In addition to Stambolia, the following three inmates at Marion Correctional moved to intervene for the same reasons, using the same form motions: Zachary Brody (ECF No. 114); Albert Wertsch (ECF No. 124); and Chester Hatton (ECF No. 146). The Magistrate Judge recommends that the Court deny each of these motions for the same reasons he recommends denying Stambolia's motion. (ECF No. 120; ECF No. 130; ECF No. 157.) Each inmate raises the same objections to the Magistrate Judge's report and recommendation as Stambolia. (ECF No. 131; ECF No. 136; ECF No. 156.)

In addition, the Court previously denied motions to intervene of two other inmates, Charles VonSchriltz and Timothy Salyers, on the recommendation of the Magistrate Judge. (ECF No. 99; ECF No. 100.) Also, the Court previously granted a motion to withdraw a motion to intervene another inmate, William Vandersommen, filed. (ECF No. 152.)

9

## C.4.   Frivolous Conduct

The multiplicity of the filings set forth above, which constitutes a small fraction of the activity on the docket and does not do justice to the true volume and burden of submissions, motions, and requests for emergency relief, occurred against the backdrop of a previous warning the Court issued to Petitioner.  (ECF No. 52.) Specifically, the Court directed Mr. Jaeger to refrain from filing frivolous motions and engaging in the sort of litigation conduct in which he has persisted.  (*See* ECF No. 52, PageID #2448.)  Similarly, the Court instructed the Clerk not to accept filings from certain of the inmates seeking to intervene.  (*See* ECF No. 99, PageID #5053; ECF No. 100, PageID #5060.)  Despite these warnings, the Court finds based on its review of the docket and management of this case that Petitioner and his fellow inmates have disregarded of the Court's warnings, directives, and orders.

## D.     Report & Recommendation, December 18, 2020 (ECF No. 137-1)

On December 18, 2020, the Magistrate Judge issued a report and recommendation directed to the majority of the outstanding issues pending at that time.  (ECF No. 137-1.)  In his report, the Magistrate Judge recommended that the Court grant Petitioner's motion to stay and abey to the extent that his motions request the Court to stay this proceeding pending exhaustion of his claims in State court.  (ECF No. 135.)

Petitioner filed objections to the report and recommendation.  (ECF No. 144.) Petitioner objected to, among other things, the Magistrate Judge's recommendation to stay and abey proceedings on his habeas petition pending exhaustion of his claims.

(ECF No. 144, PageID #6352.)  He also objected to construing various of his submissions to the Court as a request to stay and abey.  (*Id.*)

## STANDARD OF REVIEW

A district court judge may designate a magistrate judge to "submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court," 28 U.S.C. § 636(b)(1)(B), of a petition for a writ of habeas corpus, which the Court does by local rule, *see* LR 72.2.  When reviewing a report and recommendation, if a party objects within the allotted time, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).  "Objections must be specific, not general" and should direct the Court's attention to a particular dispute.  *Howard v. Secretary of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *Thomas v. Arn*, 474 U.S. 140, 147 (1985) ("The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.").

Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  Importantly, the Court's job is not to conduct a free-wheeling examination of the entire report and recommendation, but only to address any specific objections that a party has advanced to some identified portion of it.

Accordingly, it is the Court's task in this matter to review the Magistrate Judge's report and recommendation de novo, based on the specific objections Petitioner raises.

## ANALYSIS

Before a state prisoner may seek a writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254, he must first exhaust his state court remedies by fairly presenting all his constitutional claims to the highest State court and to all appropriate State courts. *See* 28 U.S.C. §§ 2254(b) & (c); *Picard v. Connor*, 404 U.S. 270, 275–76 (1971); *Pillette v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987); *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987). To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review by the Ohio Supreme Court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall*, 757 F.2d 94, 97, 99–100 (6th Cir. 1985).

Fairly presenting claims to the State courts means raising them at the first available opportunity. *Rust v. Zent*, 17 F.3d 155, 160–61 (6th Cir. 1994). A habeas petitioner bears the burden of demonstrating he has properly and fully exhausted his available State-court remedies with respect to the claims he seeks to present for federal habeas review. *See Caver v. Straub*, 349 F.3d 340, 345 (6th Cir. 2003); *Rust*, 17 F.3d at 160; *Prather v. Rees*, 822 F.2d 1418, 1420 n.3 (6th Cir. 1987).

## I.       Claims Relating to Petitioner's Conviction

The Magistrate Judge issued a report and recommendation directed to the majority of Petitioner's claims in the current procedural posture. (ECF No. 137-1.) Petitioner filed objections to certain findings in the report and recommendation. (ECF No. 144.)  At the outset, the Court notes that, due to a clerical error, the Clerk did not immediately serve Petitioner with the entirety of the report and recommendation, just four pages of it. (ECF No. 137.)  Upon discovering the error, the Clerk promptly provided Petitioner with a complete copy of the ruling. Accordingly, Petitioner's objection to the four-page document on the docket has no merit. (ECF No. 145, PageID #6377.)  Nor did it prejudice Mr. Jaeger in any way.

Although Petitioner's written objections did not appear on the docket until February 22, 2021, Petitioner represented in the certificate of service that he served a copy of the objections on Respondent on January 11, 2021. (ECF No. 144, PageID #1374.)  Accordingly, the Court treats Petitioner's written objections as timely and proceeds to review the report and recommendation under the de novo standard set forth in 28 U.S.C. § 636(b)(1)(C).

### I.A.       Staying and Abeying a Mixed Petition

To the extent Petitioner objects to the Magistrate Judge's report and recommendation relating to the merits of the claims he brings affecting his conviction, the Court may not proceed to review Petitioner's claims at this time.  Exhausting State claims before proceeding to federal habeas review requires complete exhaustion. *Rose v. Lundy*, 455 U.S. 509, 522 (1982).  Formerly, failure to exhaust

13

required dismissal of a habeas petition to afford the petitioner the opportunity to exhaust all claims in State court before seeking federal habeas relief. *Id.* But enactment of the Antiterrorism and Effective Death Penalty Act of 1996 created a problem with this procedure. The Act contains a one-year statute of limitations, *see* 28 U.S.C. § 2244(d)(1), which creates some obvious dilemmas for petitioners seeking habeas relief while continuing to pursue remedies in State court. As a result, the Supreme Court has recognized that district courts have discretion to stay consideration of a habeas petition and hold it in abeyance pending exhaustion of claims in State court. *Rhines v. Weber*, 544 U.S. 269, 276 (2005).

Although the Antiterrorism and Effective Death Penalty Act did not divest district courts of the power to stay and abey, the Supreme Court admonishes that such a step must be taken "only in limited circumstances." *Id.* at 277. A district court would abuse its discretion by staying and abeying an action where the unexhausted claims "are plainly meritless." *Id.* Moreover, the procedure is only available where the district court determines good cause excuses the failure to exhaust. *Id.* Nor should a stay issue where a petitioner engages in abusive litigation tactics or intentional delay. *Id.* at 278. Under the law of this Circuit, a claim with at least a colorable basis is not plainly meritless. *See Hickey v. Hoffner*, 701 F. App'x 422, 426 (6th Cir. 2017).

### I.B.    The Amended Petition as a Mixed Petition

As matters stand at the moment, it is not possible to tell whether the amended petition contains fully exhausted claims or is a mixed petition. Several claims—those

14

relating to speedy-trial rights and the weight of the evidence, for example—are fully exhausted.  But the record shows that Petitioner filed a motion to vacate or set aside the judgment (*see* ECF No. 93-2, PageID #4169), which the State trial court construed as a petition for post-conviction relief under Section 2953.21 of the Ohio Revised Code (ECF No. 93-2, PageID #4190, #4193).  At the time Petitioner sought post-conviction relief, Ohio law required the filing of such a petition no later than 365 days after the filing of the transcript in the court of appeals on direct appeal.  Ohio Rev. Code § 2953.21(A)(2) (2019).  The appellate court's docket reflects the filing of the transcripts from the State trial court on January 8, 2018 (ECF No. 93-2, PageID #4437), and Petitioner sought post-conviction relief on January 2, 2019 (*see* ECF No. 93-2, PageID #4169), making that petition timely.  However, after the State trial court denied relief (ECF No. 93-2, PageID #4195–99), the intermediate appellate court dismissed Petitioner's appeal on procedural grounds then reinstated it.  But the parties to that appeal continue to litigate substantive and procedural issues, and the appellate court has yet to issue a final ruling (*see* ECF No. 137-1, PageID #6250 & n.11), which would then be subject to a potential appeal or other further proceedings.

In short, Petitioner continues to pursue claims in the State courts, which are also the subject of his amended habeas petition.  As the Magistrate Judge notes, the State courts' ultimate determination of the procedural issues will bear directly on the timeliness of the petition.  (ECF No. 137-1, PageID #6250 & n.11.)  If the State courts enforce a procedural bar, then the petition may be time-barred under the one-year limitations period in Section 2244.  On the other hand, if the State courts resolve the

post-conviction claims on their merits, then they may be preserved for federal habeas review under the standard in Section 2254(d). *See* 28 U.S.C. § 2244(d)(2) (tolling the running of the one-year limitations period during the pendency of a properly filed post-conviction petition).

Such circumstances present an appropriate circumstance for staying and abeying federal habeas proceedings to allow the State courts to adjudicate Petitioner's post-conviction petition. *See Stegall v. Rapelje*, No. 12-cv-12415, 2012 WL 4009174, at *2, 2012 U.S. Dist. LEXIS 129960, at *5 (E.D. Mich. Sep. 12, 2012). In this respect, the Court agrees with the Magistrate Judge's report and recommendation. Further, the Court determines that good cause for a stay exists because Mr. Jaeger has diligently pursued his rights in the State courts and the failure to exhaust potential remedies there is not Petitioner's fault. Although the Court finds that Mr. Jaeger has engaged in abusive litigation tactics, including directly violating the Court's orders, in the Court's view this misconduct relates to this case in federal court and, so far as the Court can tell, any similar conduct in the State courts, to the extent it may have occurred, has not resulted in having a mixed petition here. Accordingly, the Court will exercise its discretion to stay and abey the habeas petition in this matter to allow Petitioner to exhaust his claims in the State courts.

Petitioner objects to construing his submissions as requesting staying and holding in abeyance these federal habeas proceedings. (ECF No. 144, PageID #6352.) But the only alternative available under the law is for the Court to dismiss the

petition, which may result in barring Petitioner's claims under the statute of limitations. Because those claims are not plainly meritless as the Sixth Circuit defines the standard, the Court declines to take such an action that may prejudice Mr. Jaeger. Accordingly, the Court overrules this objection Petitioner lodges.

## II. Claims Relating to Covid-19 and Conditions of Confinement

In an Order dated June 19, 2020, the Court granted Petitioner leave to file an amended petition. (ECF No. 52, PageID #2446.) The Court directed the amended petition to include all of Petitioner's claims for habeas relief. (*Id.*, PageID #2447.) In the same Order, the Court permitted Petitioner to file a separate motion requesting emergency relief related to the Covid-19 pandemic, to the extent he sought to do so, and to file that motion no later than June 30, 2020. (*Id.*)

Also in that Order, the Court found that Petitioner "has consistently filed duplicative and frivolous documents with this Court." (*Id.*, PageID #2448 (footnote omitted).) Because Petitioner's "filings, many of which are hundreds of pages in length, have consumed extensive judicial resources and have made it difficult to discern what relief he currently seeks," the Court sought to rationalize these proceedings by limiting the filings, consistent with practice on a petition for a writ of habeas corpus, to one governing amended petition plus the motion relating to claims for emergency relief based on Covid-19. For these reasons, the Court directed that, "moving forward, Jaeger should refrain from filing frivolous and duplicative motions and documents." (*Id.*) Finally, the Court required Petitioner to conform his permitted filings with Local Rule 7.1(f), which limits submissions to "twenty (20) pages in length

17

for memoranda relating to dispositive motions and fifteen (15) pages in length for memoranda related to all other motions." (*Id.*) The Court warned Petitioner that failure to comply with this provision "may result in the Court striking any document, or portion of any document, that exceeds these page restrictions." (*Id.*, PageID #2449.)

Despite this Order, Petitioner filed several motions, including motions to vacate the Court's June 19, 2020 Order (ECF No. 60), for summary judgment (ECF No. 61), for an evidentiary hearing and discovery (ECF No. 67 & ECF No. 69), to update court records (ECF No. 70), and on and on. Petitioner did not even comply with the Court's simple, clear directive to file one amended petition containing all of his claims. (ECF No. 52, PageID #2446–47.) When he failed to do so, the Court gave Petitioner another chance. It ordered Mr. Jaeger to file "an amended petition on or before August 14, 2020," which was to be filed "as one freestanding document." (ECF No. 63, PageID #2600.)

Despite that clear Order, Petitioner filed two separate petitions with two different sets of claims. (ECF No. 74; ECF No. 78.) in defiance of the Court's Orders, he continued to multiply the proceedings through numerous filings. (*See, e.g.*, ECF No. 71; ECF No. 72; ECF No. 73; ECF No. 74; ECF No. 75.) He also continued to violate the Court's Order to comply with the Local Rules and to limit the length of his submissions. For example, Petitioner filed an additional complaint and affidavit, which was 105 pages in length (181 pages including exhibits), related to his Covid-19 and other conditions of confinement claims. (ECF No. 76.)

The Court provided Petitioner with multiple opportunities to present his claims in a reasonable and coherent fashion. Petitioner has failed to do so and violated every effort the Court has made for the orderly management of these proceedings. Because Petitioner had notice and ample opportunity to comply, but willfully failed to do so, the Court strikes each and every non-complying submission Petitioner made after June 19, 2020, including but not limited to Petitioner's motion to update court internal records (ECF No. 70), motion for injunctive relief and restraining order (ECF No. 72), motion for declaratory judgment (ECF No. 73), motion for appointment of counsel (ECF No. 75), complaint and affidavit (ECF No. 76), judicial notice (ECF No. 79), notice of filing of transcript (ECF No. 81), motion for class certification and motion for appointment of counsel (ECF No. 95), and motion for judgment on the pleadings, motion for judgment as a matter of law, motion for default judgment, motion for summary judgment, motion for declaratory judgment (ECF No. 96). The Court does so to enforce its previous orders as well as the Local Rules. *See Ballard v. Commissioner*, 544 U.S. 40, 59 (2005) (stating the axiomatic principle that courts have an obligation to follow their own rules) (citations omitted).

To the extent the Magistrate Judge's report and recommendation was to stay and abey any of these claims (though that does not appear to be the case), the Court **OVERRULES** Petitioner's objections, but **DECLINES TO ADOPT** the report and recommendation and instead **STRIKES** each submission that failed to comply with the Court's prior Orders.

Aside from his amended petition (ECF No. 78), only one filing Petitioner made arguably complies with the Court's Orders: Petitioner's emergency petition related to his COVID-19 claims. (ECF No. 74.) The Magistrate Judge's report and recommendation agreed with Respondent that, before raising these claims in a federal habeas proceeding, Petitioner must exhaust his available State remedies. (ECF No. 137-1, PageID #6254.) But he recommended staying these claims from Mr. Jaeger's emergency petition and holding them in abeyance. (*Id.*) Petitioner objects to any disposition of his emergency petition that does not result in immediate consideration of his claims relating to COVID-19 and conditions of confinement immediately. (ECF No. 144, PageID #6348, #6350, #6352 & #6366–70.)

Upon de novo review of the record in response to Petitioner's objections, the Court finds that Mr. Jaeger's emergency petition relating to his Covid-19 claims is untimely and not in compliance with the Court's prior orders. The Court ordered Petitioner to file a motion related to the relief he sought related to the Covid-19 pandemic by June 30, 2021. (ECF No. 52, PageID #2447.) Petitioner did not file his emergency petition until July 10, 2021, the date of its postmark from the institution housing Mr. Jaeger. (ECF No. 74-1, PageID #2726.) (Although the motion contains Petitioner's notarized signature with a date of May 11, 2021, the body of the submission contains references to items in the news on June 30, 2020 (ECF No. 74, PageID #2713–14), showing that the motion was not completed or filed before June 30, 2020.)

Even granting Petitioner a degree of latitude with respect to the June 30, 2020 deadline to file due to his incarceration, the record contains no evidence that Petitioner made any effort to comply with the mailbox rule by placing his emergency petition in the prison mail system by June 30, 2020. *See Leavy v. Hutchinson*, 925 F.3d 830, 832 (6th Cir. 2020) (denying a prisoner's notice of appeal as untimely for failure to supply a declaration that he handed the document to prison officials before time expired and failure to pre-pay first class postage as required to satisfy the mailbox rule). For this reason, the **OVERRULES** Petitioner's objections, but **DECLINES TO ADOPT** the Magistrate Judge's report and recommendation. Instead, the Court **DENIES AND DISMISSES WITHOUT PREJUDICE** the emergency petition (ECF No. 74).

## III.    Petitioner's Other Objections

In addition to the objections already discussed, Petitioner raises four other objections that the Court addresses briefly. First, Petitioner maintains he is entitled to an evidentiary hearing. (ECF No. 144, PageID #6346.) An evidentiary hearing need only be held where a petitioner "alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing." *Sawyer v. Hofbauer*, 299 F.3d 605, 610 (6th Cir. 2002) (quotations omitted). He has not met that standard.

Second, Petitioner objects that he has been denied the right to counsel in these habeas proceedings. (ECF No. 144, PageID #6348.) But there is no right to counsel on a petition for a writ of habeas corpus. *See Pennsylvania v. Finley*, 481 U.S. 551,

555 (1987) (declining to extend constitutional right to counsel to collateral review); *Ritchie v. Eberhart*, 11 F.3d 587, 592 (6th Cir. 1993) (noting that there is no right to counsel in federal habeas proceedings); *see also* 28 U.S.C. § 2254(h) (confirming appointment of counsel as a discretionary power of a district court); Fed. R. § 2254 Cases 8(c) (mandating appointment of counsel for an evidentiary hearing).

Third, Petitioner objects to the summary of facts provided in the Magistrate Judge's report and recommendation. (ECF No. 144, PageID #6353, #6359.) But the facts the Magistrate Judge presents come directly from the State court record, and Petitioner has not made even a colorable showing they are not correct in any way material to the resolution of the issues before the Court. *See* 28 U.S.C. § 2254(e)(1).

Finally, Petitioner includes in his objections to the report and recommendation primarily at issue (ECF No. 137-1) a number of objections to earlier orders and recommendations of the Magistrate Judge (*see, e.g.*, ECF No. 144, PageID #6346.) These objections are untimely, and the Court refuses to consider them.

## IV.    The Remaining Motions to Intervene

Also before the Court are objections to the Magistrate Judge's reports and recommendations that the Court deny the motions to intervene filed by four of Petitioner's fellow inmates at the Marion Correctional Institution—Dennis Stambolia (ECF No. 108), Zachary Brody (ECF No. 114), Albert Wertsch (ECF No. 124), and Chester Hatton (ECF No. 146). Petitioner objects to consideration of Brody's claims at the same time as his claims. (ECF No. 145, PageID #6378.) Like the Magistrate Judge, the Court addresses all pending matters in one document for its convenience—

not to confuse the record. To the extent Petitioner may object to a problem of his own making, Petitioner's objection lacks merit and is overruled.

At the outset, the Court notes that each of the motions to intervene raises the same legal issues. Each motion requests leave to intervene as of right under Rule 24(a) and permissively under Rule 24(b). In fact, Stambolia, Brody, Wertsch, and Hatton each filed virtually identical motions. (*Compare* ECF No. 108, *with* ECF No. 114, *with* ECF No. 124, *with* ECF No. 146.) In recommending the Court deny these motions, the Magistrate Judge found that the intervenors failed to meet their burden under Rule 24(a) and Rule 24(b). (ECF No. 120, PageID #5561; ECF No. 121, PageID #5566; ECF No. 130, PageID #5750; ECF No. 157, PageID #6500.) Because each proposed intervenor objected to the Magistrate's proposed disposition, the Court reviews the reports and recommendations de novo.

### IV.A. The Rule 24 Standard

Rule 24 provides for both intervention of right and permissive intervention. With respect to the former, a court must permit the intervention of anyone who: (1) has an unconditional right to intervene under a federal statute; or (2) "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(1)–(2). In *Coalition to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th Cir. 2007), the Sixth Circuit identified four criteria a party seeking intervention of right must satisfy: (1) the

23

motion is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect his or her interest may be impaired in the absence of intervention; and (4) the parties already before the court cannot adequately protect the proposed intervenor's interest.

With respect to permissive intervention, a court may allow the intervention of any party who: (1) has a conditional right to intervene under federal statute; or (2) "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(A)–(B). With respect to both permissive intervention and intervention of right, the party seeking to intervene bears the burden of establishing the necessary criteria. *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989); *Meyer Goldberg, Inc. of Lorain v. Goldberg*, 717 F.2d 290, 293 (6th Cir. 1983).

### IV.B. The Objections

In response to the Magistrate Judge's reports and recommendations, three of the proposed intervenors filed timely objections. The fourth—Chester Hatton—failed to object, and the Court will adopt the report and recommendation and deny his motion to intervene. (ECF No. 157.) The remaining three—Brody, Stambolia, and Wertsch—raise twelve objections. Like their nearly identical motions, the proposed intervenors assert carbon copy objections to their respective reports and recommendations. (*See* ECF No. 132; ECF No. 136; ECF No. 131.) Because they are nearly identical, the Court considers these objections together.

24

At bottom, the objections Brody, Stambolia, and Wertsch assert largely do not constitute cognizable objections to the Magistrate Judge's legal reasoning or application of the law to their motions. Their objections do nothing to advance their claims, nor do they provide additional factual background or law to support their arguments under Rule 24(a) or Rule 24(b). (ECF No. 131; ECF No. 132; ECF No. 136.) To the extent there is anything in which they may properly intervene given the Court's disposition of Petitioner's claims based on Covid-19 and the conditions of confinement, the proposed intervenors make two general objections to the Magistrate Judge's report and recommendation. (ECF No. 131, PageID #5758 & n.4, PageID #5766–69; ECF No. 132, PageID #5783 & n.4, PageID #5791–93; ECF No. 136, PageID #6193 & n.4, PageID #6201–04.) But these objections fail to provide specific grounds demonstrating an entitlement to intervention or making an argument for permissive intervention.

Instead, they merely state that their claims are "the same as Jaeger's," which they say is enough to show they have "an interest in Jaeger's case because they raise the same constitutional and statutory violations." (ECF No. 108, PageID #5235; ECF No. 114, PageID #5398; ECF No. 124, PageID #5585; ECF No. 146, PageID #6385.) Not so. The amended petition presents claims personal to Mr. Jaeger. To the extent the proposed intervenors maintain their claims regarding Covid-19 are the same, those claims also fail. No proposed intervenor has made anything other than a generalized assertion that he is at risk due to Covid-19, but none presented any evidence that such may be the case. Moreover, under the law of this Circuit, these

claims arise under Section 2254, which requires exhaustion of available State remedies.  (ECF No. 137-1, PageID 6252–53.)  The proposed intervenors make no effort to show they have exhausted their claims.

Upon de novo review of the record based on these objections, the Court **OVERRULES** the objections, **ADOPTS** the findings and recommendations of the Magistrate Judge, and **DENIES** the motions to intervene.

## V.    Future Filings

Previously, the Court found that Petitioner "has consistently filed duplicative and frivolous documents with this Court."  (ECF No. 52, PageID #2448 (footnote omitted).)  Additionally, the Court found then and finds again now that Mr. Jaeger's filings "have consumed extensive judicial resources and have made it difficult to discern what relief he currently seeks."  (*Id.*)  The Court admonished Mr. Jaeger not to file "frivolous or duplicative motions and documents" and warned that "[f]ailure to abide by this directive may result in Jaeger being required to seek leave prior to any future filings."  (*Id.*)  The Court finds that Mr. Jaeger has not abided by the Court's previous directives.  Based on its review of the docket and its experience with this case, the Court finds that Mr. Jaeger has disregarded the Court's rules and orders repeatedly and as a deliberate litigation strategy.

Accordingly, the Court places Mr. Jaeger on notice that *any* failure to follow the Court's orders and rules in the future will result in the imposition of sanctions, including but not limited to dismissal of his petition with prejudice.  To be clear, Mr. Jaeger may not file any document not specifically authorized by a judicial officer

of the Court, and any such filing must be double-spaced and not exceed twenty (20) pages for dispositive motions or fifteen (15) pages for all other submissions.

During the stay of these proceedings to allow exhaustion of Petitioner's claims in the State courts, the Court **ORDERS** Mr. Jaeger not to file any documents in this case, except that upon exhausting his claims he may file a notice advising the Court that he has exhausted the claims in his amended petition. The timeliness concerns embodied in the limitations period of the Antiterrorism and Effective Death Penalty Act militate against an indefinite stay. *Rhines*, 544 U.S. at 278. Therefore, Petitioner, must file a notice no later than thirty (30) days after all claims in his amended petition have been exhausted. That notice shall not exceed two (2) pages. Upon the filing of the notice, the Magistrate Judge will determine what further submissions, if any, from the parties may assist in resolving Petitioner's claims and set an appropriate schedule for the filing of any such submissions. For purposes of managing this case going forward and enforcing this Order and the Court's rules, the Court **REFERS** this matter to the Magistrate Judge to handle all pretrial matters, including the enforcement of this Order and the preparation of a report and recommendation on any dispositive motions.

## CONCLUSION

For the reasons set forth above, the Court **OVERRULES** Petitioner's objections (ECF No. 144; ECF No. 145), **ADOPTS IN PART** the report and recommendation (ECF No. 137-1), **STAYS** this matter and **HOLDS** it **IN**

**ABEYANCE** pending exhaustion of the claims asserted in the amended petition in the State courts.

In addition, the Court **STRIKES** the following: Petitioner's motion to update court internal records (ECF No. 70), motion for injunctive relief and restraining order (ECF No. 72), motion for declaratory judgment (ECF No. 73), motion for appointment of counsel (ECF No. 75), complaint and affidavit (ECF No. 76), judicial notice (ECF No. 79), notice of filing of transcript (ECF No. 81), motion for class certification and motion for appointment of counsel (ECF No. 95), and motion for judgment on the pleadings, motion for judgment as a matter of law, motion for default judgment, motion for summary judgment, motion for declaratory judgment (ECF No. 96) for failure to comply with the Court's orders and the Local Rules.

With respect to Petitioner's emergency petition (ECF No. 74), the Court **DECLINES TO ADOPT** the Magistrate Judge's report and recommendation. Instead, the Court **DENIES AND DISMISSES WITHOUT PREJUDICE** the emergency petition.

In addition, the Court **DENIES** all other pending motions filed by Petitioner not specifically identified in this Order. Upon exhaustion of his State court claims, the Court **ORDERS** Petitioner to file one and only one document—not to exceed two pages in length—notifying the Court the claims in his amended petition are now completely exhausted. Further, the Court **ORDERS** that Petitioner shall not file any other pleading, paper, or document while the case is stayed.

As to the intervenors, the Court **OVERRULES** the intervenor's objections, **ADOPTS** the reports and recommendations (ECF No. 120; ECF No. 121; ECF No. 130; ECF No. 157), and **DENIES** the motions to intervene (ECF No. 108; ECF No. 114; ECF No. 124; ECF No. 146). The Court **DENIES AS MOOT** all remaining motions the intervenors filed (ECF No. 109; ECF No. 113; ECF No. 115; ECF No. 119; ECF No. 125; ECF No. 128; ECF No. 131; ECF No. 132; ECF No. 136; ECF No. 147; ECF No. 158; ECF No. 159; ECF No. 160; ECF No. 161; ECF No. 162).

The Court also **REFERS** this matter to the Magistrate Judge to enforce this Order and handle all pretrial matters, including the preparation of a report and recommendation on any dispositive motions the parties may file upon reinstatement of the case to the Court's active docket.

**SO ORDERED.** Dated: June 22, 2021

_____
J. Philip Calabrese
United States District Judge
Northern District of Ohio