UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ENOCH JAEGER, | ) | Case No. 1:19-cv-2853 |
| | ) | |
| Petitioner, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jonathan D. Greenberg |
| LYNEAL WAINWRIGHT, Warden, *et al.*, | ) ) ) | |
| Respondents. | ) ) | |

# **ORDER**

Before the Court is the Magistrate Judge's Report and Recommendation in this action for a writ of habeas corpus.  (ECF No. 173.)  The Magistrate Judge recommends that the Court deny the amended habeas petition.  (ECF No. 78.)

In the Report and Recommendation, the Magistrate Judge summarized the factual and procedural history of the case.  (ECF No. 173, PageID #7200–29.)  In short, a jury convicted Mr. Jaeger of vandalism, four counts of breaking and entering, three counts of theft, and engaging in a pattern of corrupt activity after a spate of convenience store heists.  (Id., PageID #7200.)  Mr. Jaeger received a sentence of imprisonment for five years.  (*Id.*)  Petitioner unsuccessfully challenged his conviction on direct appeal and through collateral proceedings in State court before commencing this action.  (*Id*, PageID #7201–07.)

Petitioner asserts 47 grounds for relief in his amended petition.  (ECF No. 78.)  The Magistrate Judge recommends that the Court dismiss 44 of these grounds as

procedurally defaulted, all but Grounds Two, Three, and Four. (ECF No. 173, PageID #7233.) The Magistrate Judge recommends denying Petitioner's Third Ground—that his convictions run against the manifest weight of evidence—as "not cognizable on federal habeas review." (*Id.*, PageID #7235.) In his Second Ground, Petitioner asserts violation of his Sixth Amendment right to a speedy trial. The Magistrate Judge recommends denying this argument on the merits because the delay from arrest to trial was "well under a year and, therefore, not presumptively prejudicial," and the remaining factors under *Barker v. Wingo*, 407 U.S. 514, 530 (1972), "do not weigh in favor of [Mr.] Jaeger." (*Id.*, PageID #7241–42.) For example, Petitioner "contributed to the delay" by seeking to continue his trial multiple times and by deciding against entering a plea agreement at the "last[] minute." (*Id.*, PageID #7242.) Petitioner's Fourth Ground challenges the sufficiency of evidence supporting his convictions. The Magistrate Judge recommends denying this Ground because "the state appellate court reasonably determined [Mr.] Jaeger's convictions were supported by sufficient evidence," and that determination is due "double deference" on habeas review. (*Id.*, PageID #7246.)

The Magistrate Judge filed the Report and Recommendation on the docket on September 1, 2023 (ECF No. 173) and mailed it to Petitioner the same day. The Report and Recommendation stated that Petitioner must file objections "within fourteen (14) days" or the right to object could be forfeited. (*Id.*, PageID #7248.) Nonetheless, Petitioner has failed to object to the Magistrate Judge's Report and Recommendation. Under the law of this Circuit, "failure to object to a magistrate

2

judge's Report and Recommendation results in a *waiver* of appeal on that issue as long as the magistrate judge informs parties of that potential waiver." *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019) (emphasis added); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985) (holding that the Sixth Circuit's waiver rule is within its supervisory powers and "[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed").

Recently, the Sixth Circuit clarified this rule: failure to object is not a waiver, but a forfeiture. *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) ("We clarify that forfeiture, rather than waiver, is the relevant term here."). This is so because "[w]aiver is different than forfeiture." *United States v. Olando*, 507 U.S. 725, 733 (1993); *Freytag v. Commissioner*, 501 U.S. 868, 894 n.2 (1991) (Scalia, J., concurring) (noting the Supreme Court's cases "often used [waiver and forfeiture] interchangeably," but that "[t]he two are really not the same."). This difference matters because forfeited issues may, in certain circumstances, nevertheless be considered on appeal." *Berkshire*, 928 F.3d at 530 (citing *Harris v. Klare*, 902 F.3d 630, 635–36 (6th Cir. 2018)).

In any event, the time for filing objections to the Report and Recommendation has passed. Petitioner neither objected, nor provided some legitimate reason why he failed to do so. Further, upon the Court's independent review of the record, there does not appear to be clear error in the Magistrate Judge's Report and

3

Recommendation. Therefore, the Court **ADOPTS** the Report and Recommendation (ECF No. 173) and **DISMISSES** the action **WITH PREJUDICE**. Further, the Court **DIRECTS** the Clerk to enter judgment accordingly.

    **SO ORDERED**.

Dated: September 27, 2023

                                  J. Philip Calabrese
                                  United States District Judge
                                  Northern District of Ohio